# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RICHARD BYRD and AMANDA BYRD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CV415-120 |
| DRIVE ELECTRIC, LLC et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court in this products liability case is the parties' Fed. R. Civ. P. 26(f) report. Doc. 36. In it Suzhou Eagle Electric Vehicle Manufacturing (the only defendant to respond or appear) and plaintiffs illuminate several discovery issues: (1) whether to allow jurisdictional discovery; (2) how that discovery, if allowed, should proceed; and (3) how long a jurisdictional discovery period should last. *See id.*

All three issues, however, inextricably intertwine with Suzhou's motion to dismiss for lack of personal jurisdiction currently pending before the district judge. Doc. 28. Accordingly, the Court finds good cause to delay entry of a Scheduling Order, and a decision on how

discovery should proceed, until after the district judge rules on Suzhou's motion. *See* Fed. R. Civ. P. 16(b)(2) (judges may delay entry of scheduling orders upon a finding of good cause). Should the district judge deny that motion, the parties shall present a proposed Scheduling Order within 14 days after the denial order is served.

If the district judge allows for jurisdictional discovery before deciding the motion, the parties shall brief whether the Hague Convention on the Taking of Evidence Abroad, 28 U.S.C. § 1781, should govern such discovery. Suzhou's Hague brief is due 14 days after a decision by the district judge to allow jurisdictional discovery. Plaintiffs' Hague response brief is due 14 days after Suzhou's. The parties also must submit a proposed scheduling order for jurisdictional discovery within 14 days of the district judge's decision that accounts for the briefing schedule outlined above.

**SO ORDERED,** this  17th  day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA