# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
RICHARD BYRD and              *
AMANDA BYRD,                  *
                              *
        Plaintiffs,           *
                              *
    v.                        *        CV 415-130
                              *
DRIVE ELECTRIC, LLC, DRIVE    *
ELECTRIC USA, LLC, ZONE       *
ELECTRIC CAR, LLC, ZONE       *
ELECTRIC CAR USA, LLC, WESTERN*
GOLF CAR SALES CO.,           *
INCORPORATED, WESTERN GOLF CAR*
MANUFACTURING, INC., LIDO     *
MOTORS USA, INC., and SUZHOU  *
EAGLE ELECTRIC VEHICLE        *
MANUFACTURING COMPANY, LTD.,  *
                              *
        Defendants.           *
```



## ORDER

This matter comes before the Court on a fully-briefed Motion to Dismiss for lack of personal jurisdiction filed by Defendant Suzhou Eagle Electric Vehicle Manufacturing Company, Ltd. ("Suzhou"). See Dkt. Nos. 28, 33, 35. For the reasons set forth below, the Motion to Dismiss, dkt. no. 28, is **GRANTED**.

### Background

Plaintiffs Richard and Amanda Byrd ("Plaintiffs" or "the Byrds") initiated this product-liability action on May 6, 2015. Dkt. No. 1. Plaintiffs assert that, on or about December 22,

AO 72A
(Rev. 8/82)

2009, they purchased a defective 2010 Neighborhood Electrical Vehicle ("NEV"), Vehicle Identification Number 5F8SP24L2AZ003547, from Defendants Drive Electric and/or Drive Electric USA that was designed and manufactured by Defendants Drive Electric, Drive Electric USA, Zone Electric Car, Zone Electric Car USA, WGCS, WGCM, Lido Motors USA and/or Suzhou. Id. ¶ 13. They allege that Suzhou "and/or" one of the other Defendants "designed and manufactured" an electrical power cord that, when connected to both the NEV and an electrical outlet, charges the NEV. Id. ¶¶ 14, 15. Plaintiffs further allege the "power junction (or connection between the power cord and the NEV) is too small for the amount of current that is drawn by the NEV," which "allows a high resistance connection to occur and creates a dangerous risk of electrical fires." Id. ¶ 16. On May 9, 2011, while the NEV was charging in the Byrds' garage, an electrical fire consumed the NEV and Plaintiffs' vehicle and then spread into their Savannah, Georgia home. Id. ¶ 17. Plaintiffs assert that they suffered extensive property loss as a result of the inadequate power junction. Id. ¶¶ 16, 18.

On October 12, 2015, Suzhou filed a Motion to Dismiss, dkt. No. 28, arguing that this Court lacks personal jurisdiction over it. Id. at 1. In sum, Suzhou asserts:

> [It] is a Chinese company with offices only in China. [(Citing Declaration of Jie Chen, Dkt. No. 28-1 ¶ 3).]
> It has never had any directors, officers, or employees

AO 72A
(Rev. 8/82)

> located in Georgia. [(Citing id. ¶ 4.)] It has never
> owned, leased, possessed or used any real estate in
> Georgia. [(Citing id. ¶ 5.)] It has never maintained
> a bank account in Georgia. [(Citing id.)] It has
> never been registered to do business in Georgia.
> [(Citing id. ¶ 6.)] It does not design or manufacture
> any equipment in Georgia. [(Citing id.)] It does not
> market to Georgia residents, has never manufactured
> NEVs for the Georgia market, and has never sold any
> NEVs to any Georgia citizens or companies. [(Citing
> id. ¶ 7.)] It does not sell its products to Drive
> Electric or to Drive USA, and does not have knowledge
> of any company selling its NEVs in Georgia. [(Citing
> id. ¶¶ 7-8.)]

Id. at 2.

Plaintiffs filed a response, to which they attached several documents. Dkt. No. 33. The first document is a printout of a page from Suzhou's website, which states that it has sold its products "to more than 50 countries around the world." Dkt. No. 33-1. The second document is the Affidavit of Plaintiff Amanda Byrd, which explains that she purchased the NEV at issue from her home in Savannah, Georgia, through Defendant Drive Electric, LLC's website, and that the NEV was delivered to her home in Savannah in July 2010. Dkt. No. 33-2.

The third document attached to Plaintiffs' response is entitled "Terms and Conditions of Sale," dkt. no. 33-3, which Plaintiffs downloaded from Defendant Drive Electric, LLC's website. Dkt. No. 33 at 2 n.1. Plaintiffs acknowledge that the document "does not comprise any portion of the purchase documents for the subject NEV" but proffer it to demonstrate

what Drive Electric, LLC represents about its relationship with the manufacturer of its products. Id. The Terms and Conditions essentially explain that Drive Electric, LLC is not the manufacturer; that upon receipt of purchase funds from a buyer, Drive Electric will place an order "with the appropriate manufacturer"; that upon receipt of the buyer's funds, the vehicle manufacturer will schedule production of the vehicle and issue the VIN and Manufacturer's Statement of Origin; that the vehicle is shipped and delivered to the buyer's door; and that products manufactured by third parties are warranted only by those third parties. Dkt. No. 33-3 ¶¶ 2(b), 6, 10, 26.

Plaintiffs also submitted a Bill of Sale dated December 22, 2009 and signed by an officer of Drive Electric which displays a VIN and the make, model, color, year, and body type of the NEV ("Bill of Sale"), dkt. no. 33-4 at 1; an order confirmation for the NEV, showing that it is a Zone Spark product that will be shipped to Plaintiffs' home address in Savannah, id. at 2; an email from a Drive Electric "Routing Specialist" stating that the vehicle has left the production plant and is enroute to be delivered, id. at 3; a "Certificate of Origin for a Vehicle," which lists Drive Electric, LLC as the distributor/dealer and Zone Electric Car, LLC as the maker/manufacturer ("Manufacturer Statement of Origin" or "MSO"), id. at 4; a letter dated October 7, 2009 from the Internal Revenue Service to Zone Electric Car,

4

LLC, regarding four vehicles manufactured by Zone Electric Car, LLC and their certification that those vehicles meet the requirements of the "Qualified Plug-in Electric Vehicle Credit" ("Certification Letter"), id. at 5; and a letter from Drive Electric, LLC to Plaintiffs enclosing the Bill of Sale, MSO, and Certification Letter and confirming that the NEV "has been ordered from the manufacturer, Zone Electric Car, LLC, and has been added to the production schedule," id. at 6.

Finally, Plaintiffs attach a second print-out from Suzhou's website which states that it is "a leading manufacturer specialized in designing and manufacturing 4-wheel electric vehicles." Dkt. No. 33-5 at 1.

## DISCUSSION

1. Defendant Suzhou's Motion to Dismiss

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Id. Under these circumstances, "the court must take the allegations in plaintiff's complaint as true except

5

when controverted by the defendant's affidavits." Atlanta Gas Light Co. v. Semaphore Advert., Inc., 747 F. Supp. 715, 721 (S.D. Ga. 1990) (internal quotation marks omitted). "A court's determination of whether jurisdiction exists over a nonresident defendant must necessarily be very fact specific." Id. As explained by the United States Supreme Court:

> [T]he facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. We recognize that this determination is one in which few answers will be written "in black and white. The greys are dominant and even among them the shades are innumerable."

Kulko v. California Superior Court, 436 U.S. 84, 92 (1978) (citations omitted) (quoting Hanson v. Denckla, 357 U.S. 235, 246 (1958); Estin v. Estin, 334 U.S. 541, 545 (1948)).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs., 556 F.3d at 1274. "It is beyond cavil that the exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1260 (11th Cir. 2010). Georgia's long arm statute provides:

AO 72A
(Rev. 8/82)

> A court of this state may exercise personal jurisdiction over any nonresident . . . in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> > (1) Transacts any business within this state;
> > (2) Commits a tortious act or omission within this state . . . ;
> > (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engaged in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> > (4) Owns, uses, or possesses any real property situated within this state;
> > (5) [With respect to divorce proceedings]; or
> > (6) [With respect to alimony, child custody, child, support, etc.]

O.C.G.A. § 9-10-91. Plaintiffs' Complaint asserts jurisdiction over Suzhou under prongs 1, 2, and, possibly, 3. See Dkt. No. 1 ¶ 11 ("Suzhou Eagle . . . regularly and routinely transact[s] business in the State of Georgia and committed tortious acts and omissions within the confines of the State of Georgia.")

Under the first "transacts any business" prong, jurisdiction exists if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, <u>and</u> (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." <u>Aero Toy Store, LLC v. Grieves</u>, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006)

(emphasis added). To satisfy the first part, "a defendant need not physically enter the state." Diamond Crystal Brands, 593 F.3d at 1264. "As a result, a nonresident's mail, telephone calls, and other 'intangible' acts, though occurring while the defendant is physically outside of Georgia, must be considered." Id. (citing Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 620 S.E.2d 352, 355-56 (Ga. 2005). "Therefore, we examine all of a nonresident's tangible and intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia."

Here, Plaintiffs have provided no evidence—or even allegation—that Suzhou did anything to transact business in Georgia. The Complaint makes the bare allegation that Suzhou is "engaged in the business of designing, manufacturing and selling the NEV that is the subject of this action." Dkt. No. 1 ¶ 9. Suzhou submitted an affidavit that directly contradicts that assertion. The General Manager of Suzhou attested that Suzhou "does not advertise to, solicit business from, or market to Georgia customers," "has never designed nor manufactured a [NEV] for the Georgia market," "has never sold a NEV to any person or entity in Georgia," does not "have knowledge of any company sells its NEVs in Georgia," "has not received any revenue from the sales of any NEV in Georgia," and "does not sell its products to Drive Electric or to Drive USA, the company that

8

allegedly sold Plaintiffs the NEV in question." Dkt. No. 28-1 ¶¶ 7-8. In response, Plaintiffs submitted several documents, none of which make any connection between Suzhou and the NEV at issue nor between Suzhou and Georgia. The only documents that even <u>mention</u> Suzhou were printed from its website, and even those do not establish that Suzhou has "purposefully done some act or consummated some transaction in this state" in such a way as to make personal jurisdiction appropriate. <u>Aero Toy Store</u>, 631 S.E.2d at 737. Instead of presenting evidence to oppose Suzhou's motion to dismiss, Plaintiffs merely assert that "[u]pon information and belief, Suzhou and the Zone Electric entities share responsibility in the design and manufacturing of the NEVs" and that "Drive Electric was Suzhou's exclusive distributor and that Suzhou knew or reasonably should have known its products were being sold in the State of Georgia." Dkt. No. 33 at 3, 4. The documents attached to Plaintiffs' response brief certainly seem to implicate the Drive Electric and Zone Electric defendants. However, Suzhou's motion to dismiss is directed at Suzhou, not Drive Electric or Zone Electric, as a defendant.

Plaintiffs fare no better under the second and third prongs of Georgia's long arm statute. Under § 9-10-91(2), the state has personal jurisdiction over nonresidents who commit a tortious act or omission within Georgia. <u>Gee v. Reingold</u>, 578

9

S.E.2d 575, 579 (Ga. Ct. App. 2003). However, the tortious act at issue here did not occur in Georgia for purposes of the statute. The claims Plaintiffs bring against Suzhou are negligence, failure to warn, violation of Georgia's Fair Business Practices Act, and violation of Georgia's Uniform Deceptive Trade Practices Act. Those causes of action relate to the manufacture of the NEV at issue, which Plaintiffs appear to acknowledge occurred outside of Georgia. Under § 9-10-91(3), "a Georgia court may exercise personal jurisdiction over a nonresident who commits a tortious injury <u>in</u> Georgia caused by an act or omission <u>outside</u> Georgia only if the tortfeasor 'regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state,' notwithstanding that these limiting conditions may preclude a Georgia court from exercising personal jurisdiction over the nonresident to the fullest extent permitted by constitutional due process." <u>Innovative Clinical</u>, 620 S.E.2d at 354 (emphasis added). As with prong one, Plaintiffs have provided <u>no</u> evidence that Suzhou has engaged in any of the activities required to satisfy personal jurisdiction under prong three. Plaintiffs' submission of a printout from Suzhou's website which states that it sells globally, including North America, dkt. no. 33-1, is not sufficient to show that it regularly does or solicits

AO 72A
(Rev. 8/82)

business in Georgia. "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." United Techs., 556 F.3d at 1274. Here, Plaintiffs have not met their burden to show that the Court has jurisdiction over Suzhou, a nonresident defendant, under Georgia's long arm statute. For this reason, the Court need not continue the jurisdictional analysis under the Due Process Clause.

2. Plaintiffs' Request for Jurisdictional Discovery

Plaintiffs' dilemma is that they have not demonstrated to the Court how or why they think Suzhou is connected to this case. The Court is at a loss as to why, other than mere speculation, Plaintiffs associated Suzhou and the NEV at issue or even the other defendants in this case. As an alternative to dismissal of Suzhou as a defendant, Plaintiffs request that they be allowed "an opportunity to conduct discovery into the facts and circumstances surrounding the purchase, manufacturing, assembly, distribution, shipment and delivery of Suzhou's products to the United States and the State of Georgia." Dkt. No. 33 at 2.

The Eleventh Circuit recognizes a qualified right to conduct jurisdictional discovery. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 (11th Cir. 1982). "If the

AO 72A
(Rev. 8/82)

jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue." Id. at 730 n.7. "Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984). However, where the plaintiff fails to establish a prima facie case of personal jurisdiction over a nonresident defendant, the court is required to deny plaintiff's request for jurisdictional discovery. Andrews v. Mazda Motor Corp., No. 1:14-CV-03432-WSD, 2015 WL 1851159, at *7 (N.D. Ga. Apr. 22, 2015) (citing Butler v. Sukhoi Co., 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.")).

Here, Plaintiffs have not established a prima facie case of jurisdiction over Suzhou. Plaintiffs have presented the Court with only speculation that Suzhou and the Zone Electric entities share responsibility in the design and manufacturing of the

AO 72A
(Rev. 8/82)

NEVs.[1] Dkt. No. 33 at 3. While there might indeed be a connection between Suzhou and the other defendants and/or the NEV in question, the Court declines Plaintiffs' invitation to speculate as to what that could be and, more importantly, whether that connection might lead to personal jurisdiction over Suzhou. Plaintiffs simply have not provided the Court with sufficient evidence to allow Plaintiffs to conduct what, at this point, appears to be a fishing expedition.

**CONCLUSION**

The Court **GRANTS** Suzhou's motion to dismiss for lack of personal jurisdiction, dkt. no. 28. The claims contained in Plaintiffs' Complaint, dkt. no. 1, are dismissed without prejudice as to Defendant Suzhou. Plaintiffs are permitted to file an amended complaint asserting claims against Suzhou if and when they are able to assert sufficient grounds for this Court's personal jurisdiction. At that point, Suzhou may, if appropriate, renew its motion to dismiss for lack of personal jurisdiction, and Plaintiffs may renew their request for jurisdictional discovery, if necessary.

---

[1] Moreover, this allegation is not asserted in the Complaint.

**SO ORDERED**, this 20TH day of July, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)